UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:20-CV-00147-BJB-HBB

**HUFF TECHOLOGIES, INC.**                                                                                   **PLAINTIFF**

**VS.**

**ASC INDUSTRIES, INC.**                                                                                      **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Before the Court is the motion of Plaintiff Huff Technologies, Inc. to file a Second Amended Complaint (DN 40). Defendant ASC Industries, Inc. has responded in opposition (DN 41), and Huff has replied (DN 42).

### NATURE OF THE CASE

This is an action for breach of contact (DN 1 PageID 2-4; DN 6 PageID 17-18). Huff and ASC entered into an agreement whereby Huff designed and constructed an assembly line system for ASC's manufacture of automotive water pumps (Id.). Following installation of the assembly line, ASC contended that it did not perform in accordance with the contract specifications (DN 10 PageID 32-33). Huff instituted this action to recover the unpaid balance on the contract (DN 1 PageID 4; DN 6 PageID 18). ASC has counterclaimed for damages related to the assembly line (DN 10 PageID 28-40).

### HUFF'S MOTION TO AMEND COMPLAINT

Huff seeks to amend the Complaint to add a new party, TRICO Group, LLC a/k/a First Brands Group (DN 40 PageID 280). Huff's motion states that "in answering Plaintiff's Interrogatories, Defendant, identified that ASC Industries, Inc. has been sold to TRICO GROUP,

LLC a/k/a First Brands Group" (Id.). The tendered Second Amended Complaint incorporates the prior Complaints by reference, and states as a new allegation:

> That the Defendant ASC Industries, Inc. was sold to TRICO Group, LLC in early 2019 (TRICO Group, LLC is now known as First Brands Group) and TRICO Group, LLC a/k/a First Brands Group, may be responsible for ASC Industries, Inc.'s indebtedness and TRICO Group, LLC a/k/a First Brands Group is an indispensable party to this action.

(DN 40-1 PageID 282 ¶ 2).

## ASC's RESPONSE

ASC contends that Huff's Second Amended Complaint should be rejected because it would be a futility as it could not withstand a motion to dismiss under FED. R. CIV. P. 12(b)(6) (DN 41 PageID 288-94). The first reason ASC posits is that there is no privity of contract between Huff and TRICO (Id. at PageID 289-91). Second, ASC asserts that TRICO did not acquire ASC until several months after the contract between Huff and ASC was completed (Id. at PageID 291-92). To the contrary, ASC asserts that Huff's general allegation that TRICO "may be responsible" and is a "indispensable party" are insufficient to constitute a cause of action (Id. at PageID 293).

## HUFF'S REPLY

FED. R. CIV. P. 15(a) requires leave to amend a complaint be given freely when justice so requires. Huff argues that amendment is appropriate because doing so will not prejudice ASC, the motion is timely filed, and no substantial discovery has been undertaken (DN 42 PageID 358). Huff notes that the details of TRICO's purchase agreement are unknown and it must investigate those details (Id.). Huff's Reply is noteworthy in that it does not address ASC's futility argument.

DISCUSSION

The court should freely give leave to amend "when justice so requires." FED. R. CIV. P. 15(a)(2). In assessing the interests of justice, the Court should consider several factors, including undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. Coe v. Bell, 161 F.3d 320, 341 (6th Cir. 1998) (quoting Brooks v. Celeste, 39 F.3d 125, 130 (6th Cir. 1994)); *see also* Colvin v. Caruso, 605 F.3d 282, 294 (6th Cir. 2010) ("A motion to amend a complaint should be denied if the amendment is sought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.").

Here, ASC has raised the issue of futility (DN 41 PageID 288-94). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 420 (6th Cir. 2000). In arguing for futility, ASC has discussed factual matters associated with TRICO's acquisition; however, the futility analysis is confined to the allegations in the proposed amended complaint. "The test for futility . . . does not depend on whether the proposed amendment could potentially be dismissed on a motion for summary judgment; instead, a proposed amendment is futile only if it could not withstand a Rule 12(b)(6) motion dismiss." Rose, 203 F.3d at 421.

Upon a motion to dismiss for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true[,]" Id., and determine whether the "complaint states a plausible claim for relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for its entitlement to relief, which "requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal at 678. A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." Id. at 678, 679. Instead, the allegations must show "that the pleader is entitled to relief." Id. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

Here, Huff's original, First Amended, and Second Amended Complaints allege that Huff is a Kentucky corporation, ASC is an Ohio corporation and the amount in controversy is in excess of $75,000 (DN 1; DN 6; DN 40-1). Jurisdiction is predicated on diversity. The Complaints further allege that Huff and ASC entered into a contract, that Huff provided performance under the contract, including requested design changes, and ASC has not made full payment under the contract (Id.). To recover in any action based on breach of contract under Kentucky law, the party seeking to recover must "show the existence and the breach of a contractually imposed duty." Lenning v. Commercial Union Ins. Co., 260 F.3d 574, 581 (6th Cir. 2001). The elements required for a breach of contract claim are: (1) the existence of a valid contract; (2) breach of the contract; and (3) damages or loss to plaintiff. A contract is only binding upon the parties to a contract. Sudamax Industria e Comercio de Cigarros, LTDS v. Buttes & Ashes, Inc., 516 F. Supp. 2d 841, 845 (W.D. Ky. 2007).

Turning to the allegations against TRICO, Huff only asserts that ASC was sold to TRICO "in early 2019" and it "may be responsible for ASC Industries, Inc.'s indebtedness" (DN 40-1 PageID 282). There is no factual allegation establishing jurisdiction, nor is there any factual allegation that, by purchasing ASC, TRICO became a party to the contract with Huff or otherwise

assumed any liabilities or debts of ASC. *See generally* (DN 40-1). The assertion that TRICO merely purchased ASC and "may be responsible" for the debt fails to support a cause of action. For this reason, the tendered Second Amended Complaint could not withstand a motion to dismiss and would be futile.

ORDER

**WHEREFORE**, Huff Technologies, Inc.'s Motion for Leave to File Second Amended Complaint (DN 40) is **DENIED**.

H. Brent Brennenstuhl
United States Magistrate Judge

February 26, 2021

Copies: Counsel of Record